UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
  KAREN L. NASCA,                                      :         06 Civ. 3472 (SHS)

                         Plaintiff,       :

                                        :         OPINION & ORDER

            -against-        :

J.P. MORGAN CHASE BANK, N.A. and        :
J.P. MORGAN CHASE & CO.                    :

                        Defendants.     :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., ("FCRA") establishes a statutory scheme designed to preserve the privacy consumers have in the information about them located in the files of a consumer reporting agency.  Those agencies assemble and evaluate consumer credit information for the purpose of furnishing reports bearing on a consumer's credit-worthiness to potential lenders, such as defendants in this action.  The FCRA permits the consumer reporting agency to release that credit information to potential lenders only for a specifically enumerated "permissible purpose."  One "permissible purpose" is if the transaction consists of a "firm offer of credit" by the potential lender.  In authorizing consumer agencies to release information for the purpose of having potential lenders make a "firm offer of credit" to the consumer, Congress "balanced any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process."  See Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004) (citing S. Rep. No. 103-209, 13 (1993)).

      Here, Karen L. Nasca received a solicitation in the mail from defendants J.P. Morgan Chase Bank, N.A. and J.P. Morgan Chase & Co. (collectively "Chase") stating that she was "pre-

1

qualified for a new home mortgage or for a refinance of [her] existing mortgage with loan amounts up to $417,000 or more." Prior to mailing that solicitation, defendants had prescreened Nasca's consumer report. Nasca claims that the solicitation does not constitute a "firm offer of credit" and therefore her consumer report was not used by defendants for a statutory "permissible purpose."

Nasca seeks both damages and an injunction against further solicitations of this nature. Defendants have now moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, contending that the Chase solicitation comports with all requirements of the FCRA. As set forth below, because the solicitation extended a "firm offer of credit" as defined by the FCRA, defendants have not violated the "permissible purpose" requirement of that statute. Accordingly, defendants' motion to dismiss the complaint is granted.

I.  BACKGROUND

The facts are as set forth in the complaint.

In 2006, Nasca received a solicitation for real-estate secured credit from Chase though the U.S. mail. (Compl. ¶ 7.) It stated that Chase had reviewed Nasca's consumer report in order to determine whether or not to send her the solicitation. (Id. ¶ 10.) Nasca had not authorized Chase to go to the consumer reporting agency and obtain or use her consumer report. (Id. ¶ 19.)

One side of the Chase solicitation is in the form of a letter addressed to Nasca offering a "new home mortgage," "a refinance of your existing mortgage," or "a home equity loan or line of credit." (See the solicitation, which is annexed to the complaint at Ex. A.) That letter states that Nasca is "pre-qualified" for a loan "up to $417,000 or More." The letter does not specifically state any interest rates corresponding to any specific loan amount, but instead notes that Chase offers "fixed and adjustable rate mortgages with competitive interest rates." (Id.)

2

The letter also directs Nasca to "See reverse side for Important Program Information."

(Id.)  That reverse side states:

> This prescreened offer of credit is based on information in your credit report indicating that you meet certain criteria.  This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral.
>
> . . . . .
>
> Our mortgage consultants will help you determine the type of loan that best suits your needs, and the maximum loan you are eligible for, and confirm your pre-qualified status.  Afterward, you must complete an application, comply with all of our loan program requirements and pay all applicable loan fees.

(Id.)  The Chase solicitation also informs Nasca that "[t]he final amount of your loan will be based on information obtained and verified as your application is being processed, including, but not limited to . . . verification of income and equity in your home."  (Id.)

Some time after receiving Chase's solicitation in the mail, Nasca brought this action.[1] There is no allegation that Nasca ever responded to the solicitation or that she was rejected by defendants for a mortgage, a home equity loan, or any other form of credit.  As noted, defendants now move to dismiss this action for failure to state a claim.

II.  DISCUSSION

The Court can grant a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Equal Employment Opportunity Comm. v. Staten Island Savings Bank, 207 F.3d 144, 148 (2d Cir. 2000) (quoting Conley v. Gibson, 335 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (quotation marks omitted).  In reviewing a motion to dismiss, the court must treat all factual allegations in the complaint as true and must draw all

---

[1] Nasca has brought this action not only on her own behalf, but also on behalf of all residents of Suffolk County who received Chase's solicitation.  No motion to certify that class has been made to date.

3

reasonable inferences in favor of the non-moving party.  <u>Ganino v. Citizens Utils. Co.</u>, 228 F.3d 154, 161 (2d Cir. 2000); <u>Lee v. Bankers Trust Co.</u>, 166 F.3d 540 (2d Cir. 1999).

  A. <u>Defendants Have Not Violated Any Provision of the Fair Credit Reporting Act</u>.

Pursuant to the FCRA, consumer agencies are authorized to furnish consumer reports to a prospective user of those reports only for certain "permissible purposes," which include the use of information "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer."  15 U.S.C. § 1681b(a)(3)(A).  If, as is the case here, the credit transaction is not initiated by the consumer, the credit report may be issued only if "the transaction consists of a firm offer of credit . . . ."  15 U.S.C. §§ 1681b(c)(1)(B)(i), 1681b(f).

The statute defines a "firm offer of credit" as "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based upon information in a consumer report on the consumer, to meet specific criteria used to select the consumer for the offer . . . ."  15 U.S.C. § 1681a(l).  The statutory definition next provides that a "firm offer of credit" may be "further conditioned on one or more" specified considerations, such as, "[t]he consumer being determined . . . to meet specific criteria bearing on credit worthiness . . . ."  15 U.S.C. § 1681a(l)(1).  In addition, a "firm offer of credit" may require a consumer to furnish collateral as a condition of the offer so long as the collateral requirement is "disclosed to the consumer in the offer of credit . . . ."  15 U.S.C. § 1681a(l)(3).

    1. *The Chase Solicitation Meets the Statutory Definition of a "Firm Offer of Credit."*

The Chase mailer qualifies as a "firm offer of credit" because it is an "offer of credit . . . to a consumer that will be honored if the consumer is determined, based upon information in a consumer report on the consumer, to meet specific criteria used to select the consumer for the

4

offer . . . ." See 15 U.S.C. § 1681a(l). Indeed, Nasca does not allege that Chase would have failed to offer her a home mortgage or home equity loan if she had in fact applied and if she were then determined, based upon her financial data, to meet the relevant criteria. Also, because Chase conditioned its credit offer on Nasca furnishing collateral, the FCRA requires that this fact be "disclosed to the consumer in the offer of credit . . . ." See 15 U.S.C. § 1681a(l)(3). Chase's solicitation meets that requirement when it states: "This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral."

Nasca contends that the Chase solicitation fails to constitute a "firm offer of credit" because any offer in it is illusory. Specifically, plaintiff alleges, the solicitation negates any offer when it states "[y]ou must complete an application, comply with all our loan program requirements and pay all applicable loan fees." However, the FCRA expressly authorizes creditors to require recipients of "firm offers of credit" to submit an "application for the credit" in order for the creditor to be able to then "determin[e] whether to extend credit . . . pursuant to the offer." 15 U.S.C. § 1681a(l)(1). Indeed, one U.S. Court of Appeals has explained that the term "firm offer of credit" in the FCRA "really means a firm offer if you meet certain criteria." Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 841 (5th Cir. 2004) (internal quotation marks omitted), cert. denied, 543 U.S. 995 (2004). Thus, Nasca's contention finds no support within the text of the FCRA.

    2.  *A "Firm Offer of Credit" Does Not Have To Disclose Specific Credit Terms.*

Nasca also contends that the Chase solicitation does not qualify as a "firm offer of credit" because it is vague and does not include credit terms. However, Nasca does not – and cannot – point to any provision of the FCRA that requires a creditor to disclose definitive credit amounts or interest rates to a recipient in the solicitation. What the FCRA does require is that anyone

5

who uses a consumer report in connection with a credit transaction that is not initiated by the consumer must include in any written solicitation a "clear and conspicuous statement" that: (1) consumer credit reports were used in connection with the transaction; (2) the consumer was selected to receive the offer of credit because she satisfied the criteria for creditworthiness used by the offeror; (3) if the consumer does not continue to meet the criteria for a finding of creditworthiness or fails to provide the required collateral, then the credit may not be extended; (4) the consumer may decide to not receive any future credit offers by prohibiting the use of information contained in her credit file that is not initiated by her; and (5) the consumer may exercise that right by calling a given toll-free number or by contacting the credit agency at a stated address. See 15 U.S.C. 1681m(d). Congress did not include specific credit amounts and rates among this list of required disclosures or anywhere else in the FCRA. See id.

Pursuant to the canon of statutory construction *inclusio unius est exclusio alterius* – to express or include one thing implies the exclusion of the other – where Congress has explicitly enumerated certain disclosure requirements within the text of the FCRA, this Court should not imply any additional disclosure requirements. See TRW Inc. v. Andrews, 534 U.S. 19, 28, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001); United States v. Tappin, 205 F.3d 536, 540 (2d Cir. 2000). Indeed, this same canon of statutory construction may also be appropriately applied to the Court's interpretation of the FCRA's definition of "firm offer of credit." Within the relevant statutory definition, the FCRA requires disclosure of only one particular credit term – the disclosure of any requirement for collateral. See 15 U.S.C. § 1681a(l)(3). Because Congress explicitly required that creditors disclose that one specific credit term in order for such a solicitation to constitute a "firm offer of credit," this Court will not imply that Congress meant to

require additional credit terms – such as specific interest rates or amount of credit – in order for a solicitation to constitute a "firm offer of credit."

In sum, because Chase's solicitation fits within the FCRA's definition of a "firm offer of credit" and because Nasca identifies no specific provision of the FCRA requiring Chase to disclose specific credit terms in its "firm offer of credit," Nasca has failed to allege that Chase accessed her credit report without a statutory "permissible purpose."  See 15 U.S.C. § 1681b.

> B. The Definition of a "Firm Offer of Credit" Recognized By the U.S. Court of Appeals for the Seventh Circuit is Inapposite in the Present Action.

The U.S. Court of Appeals for the Seventh Circuit held in Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), that to constitute a "firm offer of credit" under the FCRA, a solicitation must not only meet the statutory requirements of such an offer, but that offer must also have "sufficient value." Id. at 726.  See also, Murray v. GMAC Mortgage, 434 F.3d 948 (7th Cir. 2006); Perry v. First Nat'l Bank, 459 F.3d 816 (7th Cir. 2006).  The Seventh Circuit reasoned as follows:

> A definition of "firm offer of credit" that does not incorporate the concept of value to the consumer upsets the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the pre-screening process.  From the consumer's perspective, an offer of credit without value is the equivalent of an advertisement or solicitation.  It is clear that Congress did not intend to allow access to consumer credit information for catalogs and sales pitches.

Cole, 389 F.3d at 726-27 (internal quotation marks and citation omitted).  This Court, however, is loathe to import a requirement into a statutory definition that was not placed there by Congress.  If Congress believes the statutory definition of "firm offer of credit" does not adequately protect a consumer's interest in the privacy of her credit information, it is for Congress to act; it is not for the judiciary to add requirements that do not exist in the statute.

III. CONCLUSION

Because the solicitation that Chase mailed to Nasca extended a "firm offer of credit" as defined by the text of the Fair Credit Reporting Act at 15 U.S.C. 1681a, defendants have not violated the "permissible purpose" requirement of that statute found at 15 U.S.C. 1681b. Accordingly, defendants' motion to dismiss the complaint is granted.

Dated: New York, New York
March 5, 2007

SO ORDERED:

Sidney H. Stein, U.S.D.J.